UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES OLIVER,

      Plaintiff,

-vs-           DECISION AND ORDER

STICHT, DEPUTY SUPERINTENDENT   14-CV-6087-CJS
SECURITY,

      Defendant.

---

**Siragusa, J.** Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and Western District of New York Local Rules of Civil Procedure 11(a) and 41(b). For the reasons stated below, Defendant's motion is granted.

## BACKGROUND

On February 25, 2014, James Oliver ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, against New York State Department of Correctional Services and Community Supervision Acting Commissioner Annucci and Deputy Superintendent of Security Sticht. On October 24, 2014, all claims against Acting Commissioner Annucci were dismissed with prejudice.

On March 16, 2015, Plaintiff filed a motion to amend his complaint against the remaining party, Deputy Superintendent Security Sticht ("Defendant"). Plaintiff's motion to amend his complaint was denied without prejudice to allow Plaintiff to refile following a Rule 16 conference. Plaintiff's Rule 16 conference was scheduled for January 26,

2016, however Plaintiff failed to appear. A Rule 16 conference was rescheduled for April 20, 2016, and Plaintiff appeared via telephone.

On June 15, 2016, the Court received notice from Defendant that Plaintiff was scheduled to be deposed on July 21, 2016; Plaintiff failed to appear or notify the Court of any conflicts with that date. On August 4, 2016, Defendant filed a motion to dismiss Plaintiff's complaint. The Court set August 31, 2016, as the deadline for Plaintiff to file a response to Defendant's motion to dismiss. To date, Plaintiff has filed no response to Defendant's motion or communicated with the Court. On August 11, 2016, Defendant asked that any order of dismissal be accompanied by an award of $77.80 for the cost of the deposition. ECF No. 27.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) authorizes a Court to dismiss to an action for failure to prosecute:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Western District of New York's local rule regarding failure to prosecute civil actions in relevant part states:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute. The parties shall respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed. They need not appear in person. No

explanations communicated in person, over the telephone, or by letter shall be accepted. If the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires.

Rule 41(b) of the Local Rules of Civil Procedure. It is within the discretion of the Court to impose appropriate monetary sanctions upon counsel or a *pro se* litigant when the litigant fails to appear before Court at a conference or adequately prepare the case for trial. Rule 11(b) of the Local Rules of Civil Procedure.

This Court has previously evaluated when involuntary dismissal for Plaintiff's failure to prosecute was justified in *Balkum v. Cty. of Monroe*, No. 08-CV-06259-CJS, 2011 WL 4841058, at *1 (W.D.N.Y. Oct. 12, 2011):

> Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir.1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y.1978) ("The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, not a showing by defendant that it would be prejudiced' ") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir.1956)). Applying these standards, courts have frequently found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See, e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir.1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 U.S. Dist. LEXIS 10952, 2004 WL 1354254, *2 (S.D.N.Y.2004) ("that nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *Ahmed v. I.N.S.*, 911 F.Supp. 132, 134 (S.D.N.Y.1996) (plaintiff's failure to respond to motion or to respond to discovery over course of thirty-five months since complaint was filed justifies dismissal of action); *West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y.1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir.1980) and other cases).

*Balkum v. Cty. of Monroe*, No. 08-CV-06259-CJS, 2011 WL 4841058, at *1 (W.D.N.Y. Oct. 12, 2011) (quoting *Marcial v. DePerio*, 2006 WL 2769923, at *2-3 (W.D.N.Y. Aug.1, 2006)).

In the Second Circuit, a district court's decision to dismiss a civil action is guided by the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Involuntary dismissal is reserved for extreme situations, and the Court must account for a *pro se* litigant's lack of procedural knowledge. *Id.* Accordingly, no one factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In consideration of the factors listed above, the Court finds Plaintiff has failed to prosecute the civil action diligently. It has been over 12 months since Plaintiff was last in contact with the Court; Plaintiff failed to appear at a deposition on July 21, 2016. Additionally, the Court issued a scheduling order setting August 31, 2016, as the deadline for responsive briefs regarding Defendant's motion to dismiss. Plaintiff was notified on August 9, 2016, of the filing deadline and has yet to file any responsive briefs with the Court.

The significant amount of time that has passed since Plaintiff missed his deposition can have a prejudicial effect upon Defendant's ability to conduct discovery proceedings. Witnesses' recollections of the events cited in the complaint can be

effected by the significant passage of time, and conducting discovery can become unduly burdensome for Defendant as time passes.

Plaintiff has had ample time to prosecute the action and has failed to do so. The lack of responsive briefs or affidavits from the Plaintiff in conjunction with his absence at a deposition make lesser sanctions inappropriate. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York, the Court is dismissing Plaintiff's action.

The Court has been notified that the cost of the deposition Plaintiff failed to attend on July 21, 2016, was $77.80. Therefore, pursuant to Rule 11(a) of the Local Rules of Civil Procedure for the Western District of New York, the Court orders Plaintiff to pay $77.80 to Defendant for costs relating to the July 21, 2016, deposition.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted and Plaintiff is ordered to pay Defendant $77.80, the cost of the deposition he failed to attend.

IT IS SO ORDERED.

DATED: August 23, 2017
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge